IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHEYENNE AND ARAPAHO TRIBES, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-15-262-D |
| LESLIE WANDRIE-HARJO, *et al.,* | ) ) | |
| Defendants. | ) ) | |

**ORDER**

Before the Court is Plaintiff's Motion for Partial Summary Judgment [Doc. No. 35], filed pursuant to Fed. R. Civ. P. 56. Plaintiff Cheyenne and Arapaho Tribes (the "Tribe") [1] seeks a judgment in its favor as a matter of law against Defendant Leslie Wandrie-Harjo ("Harjo") limited to the issue of the Tribe's entitlement to funds deposited into the registry of the court in its interpleader action against the stakeholder of the funds, Citizens Bank of Ada. Harjo has timely opposed the Motion, which is fully briefed.[2]

The Tribe initiated this action to recover tribal funds that were deposited into a bank account allegedly controlled by Harjo, a former elected official of the Tribe, in November 2011. Initially, the Tribe also sued another former official, Janice Boswell ("Boswell"), and asserted an interpleader claim against the stakeholder, Citizens Bank of Ada. Boswell answered by disclaiming any interest in the funds. *See* Disclaimer [Doc. No. 9]. The Tribe's

---

[1] The Cheyenne and Arapaho Tribes constitute a single governmental entity for purposes of federal recognition. *See* First Am. Compl. [Doc. No. 21], ¶ 3, n.2.

[2] The Tribe filed a reply brief solely to reinforce its position that no material fact is in dispute.

current pleading, the First Amended Complaint [Doc. No. 21], asserts no claim against Boswell and alleges no misconduct on her part; she has made no response to the Tribe's Motion. Further, upon joint motion of the parties (including Harjo), the subject funds were deposited into the registry of the court and a judgment dismissing Citizens Bank of Ada was entered. *See* Judgment [Doc. No. 33]. Only Harjo stands between the Tribe and its claim of entitlement to the registry funds.

## Standard of Decision

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for either party. *Id*. at 255. All facts and reasonable inferences must be viewed in the light most favorable to the nonmoving party. *Id*.

The movant bears the burden of demonstrating the absence of a dispute of material fact warranting summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If the movant carries this burden, the nonmovant must then go beyond the pleadings and "set forth specific facts" that would be admissible in evidence and that show a genuine issue for trial. *See Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 324; *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated

therein." *Adler*, 144 F.3d at 671; *see also* Fed. R. Civ. P. 56(c)(1)(A). "The court need consider only the cited materials, but may consider other materials in the record." *See* Fed. R. Civ. P. 56(c)(3). The Court's inquiry is whether the facts and evidence present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

**Statement of Undisputed Facts**

The funds currently held in the registry of the court were originally held by the United States in trust accounts maintained for the benefit of the Tribe. Although Harjo disputes the legal validity of certain judicial actions of the Supreme Court of the Cheyenne and Arapaho Tribes, there is no dispute that a tribal court determined in a series of orders issued in December 2013 and January 2014 that Eddie Hamilton was the duly elected governor of the Tribe. Although Harjo similarly disputes the legitimacy of certain legislative actions taken by the Legislature of the Cheyenne and Arapaho Tribes, there is no dispute that a tribal legislature passed two resolutions in October and November of 2014 authorizing Governor Hamilton to withdraw funds from the Tribe's trust accounts held by the United States. Finally, while Harjo disputes the effectiveness of any recognition of Mr. Hamilton as governor of the Tribe by the Bureau of Indian Affairs ("BIA"), there is no dispute that the Superintendent of BIA's Concho Agency in May 2015 approved Governor Hamilton's request, based on the legislative authorization, to withdraw tribal trust funds and transfer them to the Tribe's designated bank account in Oklahoma City.

**Discussion**

Harjo opposes a judicial resolution of the Tribe's claim to the registry funds by taking up a cause that began during her term of elected office as lieutenant governor of the Tribe and arose from an internal tribal dispute regarding governmental leadership and control. The dispute involved the executive, judicial, and legislative branches of the Tribe's government and resulted in two panels claiming to be the Supreme Court of the Cheyenne and Arapaho Tribes. As explained in this Court's prior order denying Harjo's motion to join the Secretary of the Interior as a party to this case, Harjo contends the persons presently acting as leaders of the Tribe are illegitimate under decisions issued by the "Arrow Court," which refers to a supreme court panel led by Dennis W. Arrow. *See* Order of May 18, 2016 [Doc. No. 41], p.5. On this basis, Harjo seeks to prevent the Tribe from regaining funds that were transferred while she was allegedly acting as an interim governor of the Tribe under decisions of the Arrow Court. In that putative role, armed with written authorization allegedly granted by a legislative body of the Tribe, Harjo requested a transfer of the subject funds from the Tribe's trust funds to a designated bank account, and the BIA effectuated the transfer in November 2011. *See* Def.'s Answer [Doc. No. 25], ¶¶ 3, 20-21, 23.

Harjo utilizes her summary judgment response as a vehicle to re-argue her unsuccessful motion to join the Secretary of the Interior as a party to the case for the purpose of "forc[ing] the BIA to enforce the orders of the lawfully constituted Cheyenne and Arapaho Supreme Court, the Arrow Court" or, alternatively, "enjoining the BIA from having a government to government relationship with and [sic] unlawfully elected tribal government."

*See* Def.'s Br. Opp'n Pl.'s Mot. Partial Summ. J. [Doc. No. 36], pp.2,4. Noticeably absent from Harjo's response brief, however, is any contention that she has either a personal interest in the registry funds or any current claim to tribal office or right to control tribal funds.[3] Harjo has not demonstrated that she has any right of possession or official stake in the disposition of the registry funds.

The Tribe, on the other hand, has presented undisputed facts showing that its recognized leaders have asserted control over tribal trust funds since the internal tribal dispute was resolved or became moot. The most recent "Arrow Court" decision presented by Harjo is dated August 19, 2014. *See id.*, Ex. 4 [Doc. No. 36-4]. The decision appears to be an advisory opinion expressing disagreement with a July 2014 decision of the Interior Board of Indian Appeals, *Bighorse v. S. Plains Reg'l Dir.*, 59 I.B.I.A. 1 (July 10, 2014), and summarizing the Arrow Court's views regarding the identities of the lawful tribal officers. No legal consequence or other effect of this decision is shown by the summary judgment record.

Upon consideration, the Court finds that Harjo has failed to demonstrate a genuine dispute of material fact precluding summary judgment in favor of the Tribe on its claim of entitlement to the registry funds. Further, the Court finds that Harjo has failed to present a justiciable dispute for resolution by federal courts that would prevent disbursement of the funds. With limited exceptions under special circumstances not present here, the federal

---

[3] Harjo has previously conceded in administrative proceedings that her elected term expired in January 2014 and she has no further claim to office. *See Bighorse v. S. Plains Reg'l Dir.*, 59 I.B.I.A. 1, 12 (July 10, 2014), *available at* 2014 WL 3543912.

government has no role to play in intratribal matters. *See Wheeler v. United States Dep't of Interior*, 811 F.2d 549, 551-52 (10th Cir. 1987).

**Conclusion**

For these reasons, the Court finds that the Tribe has established that it is entitled to the funds formerly held by Citizens Bank of Ada and deposited into the registry of the court.[4]

IT IS THEREFORE ORDERED that Plaintiff's Motion for Partial Summary Judgment [Doc. No. 35] is GRANTED, as set forth herein.

IT IS SO ORDERED this 19th day of May, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[4] Additionally, the Tribe prays for the immediate entry of a judgment in its favor on the issue of its entitlement to the funds and an order directing the Clerk to immediately release the registry funds to the Tribe. However, the Tribe does not assert or attempt to show that a judgment under Rule 54(b) is warranted. Therefore, the Court finds an insufficient basis to grant such relief at this time.